205 P.2d 586

**HEYNE, City Manager, et al. v. LOGES et al.**

No. 4762.

Supreme Court of Arizona.

May 2, 1949.

Jack Choisser, City Atty., and Howard W. Gibbons, Asst. City Atty., both of Phoenix, for appellants.

Frank W. Beer and Leslie C. Hardy, both of Phoenix, for appellees.

STANFORD, Justice.

Five separate civil complaints were filed in the superior court of Maricopa County against the five different individuals (appellees) named above. The complaints alleged the operating and maintaining the business of taking and accepting bets upon the result of horse races run in states other than Arizona and the paying of wagers to the winners. Except for the location of the premises, the complaints were identical in their allegations.

Each complaint alleged the conducting and maintaining of establishments by the individual defendants at which bets and wagers were taken upon the result of horse races run in other states was a public nuisance and further constituted a public nuisance per se. The prayer of the complaints asked that each establishment be declared a gaming or gambling house and therefore a nuisance per se, and that the defendants be restrained and enjoined from maintaining and conducting such betting establishments at the premises described.

The superior court issued an order to show cause in each case and the matters were set for hearing. Defendants' first defense was to dismiss the plaintiffs' complaints for the reason and on the grounds that they failed to state a claim against the defendants on which the relief prayed for

could be granted; and further answering admitted the use of the premises described in the complaints, but denied ·that they occupied them in any manner that would constitute a public nuisance per se, or any nuisance whatsoever; that at each of the premises the defendants had formed a social club having for its purpose the entertainment and social enjoyment of its members and limiting the use of said club and its facilities to its members. They further answered by saying "That said club is conducted at all times in all respects as other similar clubs and social organizations are maintained, and used and conducted for recreational purposes within the city of Phoenix."

The cases were consolidated for trial and at the close of the testimony and arguments the trial court took the matter under advisement, and later by judgment it granted appellees' motion to dismiss in each of the five cases. The instant consolidated appeal followed.

The appellants submit but one assignment of error, but it is the basis for five propositions of law, all of which we quote:

"Assignment of Error

"I. The trial court erred in dismissing plaintiffs' complaint, as it should have found that a nuisance per se existed on the premises as described in the complaints, and therefore an injunction should have issued."

"Propositions of Law

"I. The fact that a nuisance may be within the classification of a type of criminal offense does not oust the jurisdiction of equity to abate or enjoin such a nuisance.

"II. Upon a showing by the plaintiffs, who are public officials, that establishments where wagers are accepted upon the results of horse races run outside the State of Arizona, and such facts are not disproven or controverted by the defendants, the trial court should have found such establishments to be nuisances per se.

"III. Even though specific criminal acts may be punished at law, is not an adequate remedy sufficient to void the issuance of an injunction against the maintenance of an establishment where specific criminal acts are carried on.

"IV. There exists a clear distinction between enjoining acts constituting a crime and enjoining maintenance of an establishment wherein criminal acts are carried on.

"V. When the evidence established premises being used for bookie operations or wagering on horses, such operations are a nuisance per se and an injunction will issue upon complaint of the proper parties seeking to abate such nuisance."

This action was brought under section 43-4603, A.C.A.1939, and in part reads:

"Public nuisance—Maintaining—Penalty. —Anything which is injurious to health, or is indecent, or offensive to the senses, or an obstruction to the free use of prop-

erty, so as to interfere with the comfortable enjoyment of life or property by an entire community or neighborhood, or by any considerable number of persons, * * * is a public nuisance, * * *."

At this juncture of the case it is well for us to state that the memorandum opinion written by the trial court had this to say relative to the defendants: "The commission of the acts charged in the complaints were, in effect, not denied by the defendants, * * *." This statement by the trial court was made probably because of the fact that the defendants did not present testimony at the trial, but relied upon their motion.

It is our opinion that the case of State v. Phoenix Sav. Bank & Trust Co., 68 Ariz. 42, 198 P.2d 1018, 1021, is determinative of this case. That was a similar action by the state to enjoin the use of premises in the city of Phoenix for conducting, wagering or betting on horse races. We quote from said case:

"It appears to us that in this case the injunction is not sought to prevent the commission of a crime, rather the act to be restrained is the maintenance or use of an establishment in such a manner as to constitute a public nuisance. This distinction is clearly recognized in texts on nuisances and remedies to abate them. We quote:

"'* * * There is a manifest distinction between enjoining an individual from committing a crime and enjoining him from using his property so as to make it a nuisance to others, and between a proceeding to abate a nuisance and one to punish the offender for the crime of maintaining it. * * *' 39 Am.Jur., Nuisances, section 147.

"'* * * There is a clear distinction between a proceeding to abate a nuisance, which looks only to the property that in the use made of it constitutes the nuisance, and a proceeding to punish the offender for the crime of maintaining a nuisance. The two proceedings are entirely different, as are the results sought to be obtained. The remedy in equity is purely preventive, and the judgment deals merely with the use of the property in question. The defendant is not convicted of any offense, and he is not punished for what he has done, but that is left to the criminal courts.' 39 Am.Jur., Nuisances, section 149.

* * * * * *

"If the contended-for interpretation be correct, the law as established together with the conduct of defendant Pelosi would have met this requirement. The effrontery of defendant Pelosi in establishing and maintaining a race-horse-gambling 'bookie' establishment is shocking in view of the fact that this court in Engle v. State, 1939, 53 Ariz. 458, 90 P.2d 988, declared that such an establishment was a public nuisance and the keeper was guilty of a criminal offense.

* * * * * *

"We conclude that once the court has found that a public nuisance, a nuisance per se, exists, and further finds that it has the power to enjoin in such a case, then to deny the injunctive remedy constitutes a clear abuse of judicial discretion. * * * To deny injunctive relief to restrain a public nuisance which is a nuisance per se and malum in se upon the ground of legal discretion is equivalent to saying that the court has discretion to prevent the effective enforcement of the law. We hold that legal discretion to deny an injunction against a nuisance per se, such as a common gambling house, does not exist. A common gambling house is malum in se and should be summarily abated, and the remedy of injunction is not to be denied the state because it has not seen fit to follow the circuitous route of criminal prosecution with the attendant delays incident to arrest, arraignment, bail, summoning of a jury panel, trial, mistrial, new trial, and appeal."

Further continuation of this opinion by the citation of cases is unnecessary. Under the authority of State v. Phoenix Sav. Bank & Trust Co., supra, the trial court had the power and the duty to enjoin the unlawful use of the premises by these defendants and it constituted a clear abuse of judicial discretion to deny the injunctive relief which was asked for. The leased premises were being used for the operation of a common gambling house and therefore were a nuisance per se.

The judgments of the lower court in causes No. 53350, 53351, 53352, 53353 and 53354 are each reversed with directions to enter judgment in each of the cases restraining the maintaining and conducting by the defendants, their agents, servants, associates and employees of betting establishment businesses at the premises described in the respective complaints.

UDALL, PHELPS and DeCONCINI, JJ., concur.

LaPRADE, C. J., not participating.